Per Curiam.
The ground of the motion was that an appeal was pending, the plaintiff having waived the right that there should be an undertaking given to secure the judgment. The plaintiff took the position that there was no appeal pending.
On the affidavits for defendant there was a claim, that there had been a transaction which was the equivalent of *20 service of notice of appeal upon the attorneys for plaintiff. The affidavit as to this was that the affiant “duly tendered ” to one of defendant’s attorneys “a written notice of appeal in each of the above entitled cases ; he refused to accept the same, upon the ground that the time to appeal had expired.” Under the facts otherwise shown, it would be necessary perhaps to hold that there was no service, as the written notice was not left at the office. There is, however, no intention to decide so, inasmuch as the affidavit for plaintiff met and denied fully and particularly the averments that have been specified. It must be -held that the burden of proof that notice had been served was upon the defendant, and that the proof given for him, was neutralized by the evidence to the contrary. The result is that no notice of appeal had been served, and therefore there was no appeal.
It is argued that if no notice had been served upon the attorneys for plaintiff, yet as service of notice had been made upon the clerk of the court, the omission to serve might be cured under § 1303 of the Code of Civil Procedure. To enable the defendant to ask the benefit of this section, he must show that service upon the clerk was within the time allowed for such a proceeding. That service was on July 6, and two days after the time for appeal had passed. It is claimed, however, that the plaintiff' had waived an earner service or was estopped from claiming that there should have been an earlier service. This waiver or estoppel is placed upon a consent given by plaintiff’s attorney that defendant’s time to make and serve a case and exceptions be extended. The court at the end of the trial on June 1, had given defendants thirty days time to make a case, &c. Judgment was entered and notice of entry given on June 2. On June 22, the plaintiff’s attorney consented that defendant have until July 6, to make the case. On July 6, in the morning, there was a further extension of twenty days, and in the afternoon the notice was filed with the clerk. In the meantime, on that day, the plaintiff’s áttorney had *21 expressly refused to disregard the omission to serve notice of appeal upon him.
Merely giving time to make a case is not in itself a recognition that an appeal is pending, or will be pending at some point within that time. At the trial, the court gave such a time, and also stayed proceedings. It was intended that there should be an appeal taken by the defendants in the usual way. An extension of that time by the court or the opposite party, would give the right described for what it might be worth, but would not relieve the party of his obligation to gain or perfect another right. Therefore, if there be anything in the defendant’s claim, it must be found in the circumstances of the extension. They must operate as a waiver or an estoppel in the particular case.
A marked feature of the present case is that neither attorney was conscious that the appeal had not been perfected. The plaintiff’s attorney had no active duty in respect of perfecting the appeal, and without examination, when he gave extension of time he took for granted that the other side had served notice of appeal. The defendant’s attorney supposed that the proper clerk had served the notice. Both sides placed the right to appeal upon the necessity of serving notice. Neither thought of the appeal as connected with the extension, or supposed that the extension would affect, or give, or recognize the right to appeal within a certain time. Neither side could have believed that a waiver was within the intention of either. Still less could there have been an equitable estoppel, for. the transaction amounts to the plaintiff’s saying, if you have perfected your appeal, as I suppose you have, and as you believe, then I extend the time to make a case. If this view be not correct, and there be some right in the defendant to have his proceeding validated because of inadvertent omission to serve the notice, the same right must be accorded to plaintiff’s position that he inadvertently considered that there was an appeal *22 when he gave the extension, and the extension should be set aside on that ground.
And it would not be correct to say that the extension led to the trouble and expense of making the case, &c. The defendant was not compelled or induced to make the case. He had received a favor upon which he might or might not act, at his pleasure.
There being neither waiver nor estoppel, the order should be affirmed, with $10 costs, and disbursements to be taxed.